# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KATHLEEN ANDERSON, individually and as successor in interest to decedent JOHNNY ANDERSON; ESTATE OF JOHNNY ANDERSON, by and through KATHLEEN ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, KARLOS MILLAN, DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendant. | Case No. 2:15-CV-09289 JFW (JCx)<br>*[Hon. John F. Walter; Magistrate Judge, Jacqueline Chooljian]*<br><br>**PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT]<br><br>Cmplt. Filed:   12/01/15<br>Trial Date:       12/20/16 |

Plaintiffs KATHLEEN ANDERSON, individually and as successor in interest to decedent JOHNNY ANDERSON, and the ESTATE OF JOHNNY ANDERSON ("Plaintiffs"), by and through their attorneys, and defendants, COUNTY OF LOS ANGELES and KARLOS MILLAN ("Defendants"), by and through their attorneys, submitted a Joint Stipulation for Protective Order before this Court.

The Court has read and considered all of the papers filed in support of this stipulation. Good cause appearing, this Court makes the following orders.

///

1    IT IS THEREFORE ORDERED that the Joint Stipulation for Protective
2 Order Thereon is GRANTED as modified and as follows:

### TERMS OF THE PROTECTIVE ORDER

Absent further order of the Court, plaintiffs' counsel shall have sole custody and control over any documents produced by the defendants to plaintiffs pertaining to the investigation into the actions of Deputy Karlos Milan during the July 5, 2015 incident ("Documents").

Absent further order of the Court, the Documents are deemed **confidential**, except to the extent set forth in this Order, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein.

Absent further order of the Court, plaintiffs' counsel alone will have custody, control and access to the Documents and will be prohibited from releasing or disseminating the Documents or the information contained within the Documents to other persons including legal counsel except that the Documents may be disclosed to the following persons:

(a)   counsel for any party to this action;

(b)   paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c)   court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

(d)   any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties; and

(e)   any "in-house" or outside experts designated by the defendants to testify at trial in this matter.

///

Any Documents so disclosed will explicitly require inclusion of a copy of this Protective Order and written instructions from counsel directing compliance with same.

Absent further order of the Court, plaintiffs' counsel may make copies of the Documents, but plaintiffs' counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein.

The Documents may be submitted in all law and motion proceedings if done so pursuant to Local Rule 79-5 and any other pertinent orders of the assigned District Judge or Magistrate Judge. <u>See</u> January 21, 2016 Standing Order, Paragraph 9 [Docket No. 16].

All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.

If, in connection with any deposition taken in this action, plaintiffs' attorneys question a witness regarding materials subject to this Protective Order, or use confidential material as deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the exhibits attached to the deposition transcript shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

The purpose of this Protective Order is not intended to prevent employees of the County of Los Angeles from having access to the Documents if they would have had access in the normal course of their job duties.

Defendants' decision to enter into this Stipulation and Protective Order is made without waiver of the privileges and rights afforded to them, including, but not limited to, the right to privacy embodied by the United States Constitution or the right to object at the time of trial to the admissibility of such or to preclude defendants from filing pre-trial motions with regard to the admissibility thereof or the information contained therein.

S:\JC\Civil\Anderson v. LA County CV 15-9289 JFW\AndersonProtOrd.docx

The provisions of this Order shall be in effect until further Order of the Court.

IT IS SO ORDERED.

**DATED:**   August 9, 2016                      _____/s/_____

Magistrate Judge Jacqueline Chooljian